

# THE ATTORNEY GENERAL
## OF TEXAS

Gerald C. Mann　　　　　AUSTIN 11, TEXAS

~~JOHN REX SHELTNER~~
ATTORNEY GENERAL

Hon. George H. Sheppard　　　Opinion No. O-1382
Comptroller of Public　　　 Re: Whether suit club award is
　Accounts　　　　　　　　　　　　taxable under Article 7047f,
Austin, Texas　　　　　　　　　Revised Civil Statutes.

Dear Sir:

　　　　We are in receipt of your letter of September 2,
1939, wherein you submit to us the following fact situation:

　　　　"The operator of the club agrees to deliver
one $25.00 suit of clothes to a club member after
he has paid the operator $2.50 per week for ten
consecutive weeks.

　　　　"On a certain day of each week for ten weeks
all club members who have paid the $2.50 weekly
payment to the club operator are entitled to par-
ticipate in a drawing of names or numbers which is
held to determine the winner of a credit equal to
the unpaid balance the member owes for the $25.00
suit he is buying. If the winner has paid one
weekly payment of $2.50, a credit of $22.50 (or
the unpaid balance he owes for a suit) is awarded
to him. The second week some member is awarded a
$20.00 credit or the balance he owes for a suit,
and so on, until ten credits of various amounts
have been awarded, one each week for ten weeks."

　　　　You request our opinion as to whether or not the
awards thus made are subject to the twenty per cent tax levied
by Article 7047, Revised Civil Statutes of Texas.

　　　　Section A and the first sentence of Section B of Ar-
ticle 7047f, Revised Civil Statutes, read as follows:

　　　　"(a) Every person, firm, or corporation con-
ducting a theatre, place of amusement, or any busi-
ness enterprise in connection with the operation of
which a prize in the form of money or something of
value is offered or given to one or more patrons
of such theatre, place of amusement, or business
enterprise, and not given to all patrons thereof

paying the same charge for any certain service, commodity, or entertainment, shall make a verified monthly report on the twenty-fifth day of each month to the Comptroller of Public Accounts of the State of Texas, showing the amount of money so given in prizes, and the value of all prizes or awards so given in connection with such business during the next preceding month.

"(b) There is hereby levied a tax equal to twenty per cent (20%) of the value of all such money, prizes, and awards given in connection with the operation of each and all of the foregoing business enterprises, and at the time of making the report to the Comptroller of Public Accounts, the owner or operator of any such business shall pay to the State Treasurer such tax upon the total amount of money, prizes, and awards so given during the next preceding month."

An examination of the facts in this case discloses that each requirement of the statute is met such as to mature the tax. The prize is given in connection with the operation of a business enterprise. Such prize is in the form of something of value. It is given to a patron of the place of business and it is not given to all other patrons paying the same charge. The first winner received a $25.00 suit for $2.50. He thus received an award which other patrons paying $2.50 do not receive. Our answer to your question, therefore, is that the tax is clearly due.

You also inquire as to whether tax liability would be affected if no drawing is held to determine the winner of the award but instead the operator of the club arbitrarily selects the member he wishes to receive the award each week. Our answer to this question is that tax liability would not be affected. The manner of making the award is immaterial. The statute does not require that the person receiving the award be selected by chance in order for the tax to be due.

APPROVED SEP 7, 1939
/s/ Gerald C. Mann
ATTORNEY GENERAL OF TEXAS
APPROVED: OPINION COMMITTEE
BY:      BWB, CHAIRMAN

Yours very truly
ATTORNEY GENERAL OF TEXAS
By /s/ Glenn R. Lewis
Glenn R. Lewis, Assistant

GRL:FL:wb